# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

EDWARD MORGAN,                          )
                       )
             Plaintiff,     )
                       )
vs.                                                    )     No.
                       )
IB PARKS & ENTERTAINMENT       )
LLC.,                                                  )
                       )
           Defendant.     )

## COMPLAINT

Plaintiff files this Complaint against Defendant for violations of the Family and Medical Leave Act of 1993, as amended (FMLA), and alleges the following:

### Jurisdiction and Parties

1.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2.     Defendant is an Illinois limited liability company that does business in Georgia and operates a business in Rossville, Georgia. Its registered agent for service of process is William Ryan, 7222 West Cermak Road, Suite 403, Riverside, Illinois, 60546.

### Facts

3.     Defendant operates an amusement park called Lake Winnepesaukah,

which is located in Rossville, Walker County, Georgia.

4.     Plaintiff was employed by Defendant as a security manager at the Lake Winnepesaukah facility in Rossville from approximately 2023 until June 24, 2026.

5.     Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2025 and in 2026.

6.     Defendant employed more than 50 employees within a 75-mile radius of Plaintiff's worksite.

7.     Plaintiff had well over 1,250 hours of service with Defendant during the 12-month period before he requested FMLA leave as set forth below.

8.     Due to a serious medical condition, Plaintiff's father became critically ill and was hospitalized during June of 2026.

9.     On June 23, 2026, Plaintiff informed Defendant's human resources manager that he might need to take FMLA leave to care for his father. Defendant's human resources manager advised Plaintiff that "we don't give FMLA" because Defendant did not have 50 "full-time" employees.

10.    On June 24, 2026, at 1:40 p.m., Plaintiff sent an email to Defendant's human resources personnel explaining his father's condition and again informing Defendant that "FMLA may be necessary."

11.    Later that day, on June 24 at around 4:00 p.m.—less than three hours

after Plaintiff sent Defendant the email about FMLA leave—Defendant terminated Plaintiff's employment. When Plaintiff asked why he was being fired, Defendant refused to provide him with a reason.

12. Defendant terminated Plaintiff's employment in order to prevent him from exercising his FMLA rights by taking FMLA leave.

13. Defendant terminated Plaintiff's employment in retaliation for Plaintiff requesting FMLA leave.

14. If Defendant had not terminated Plaintiff's employment, he would have continued to work in his employment position with Defendant.

15. Plaintiff has sustained and continues to sustain lost wages and lost benefits as a result of Defendant's termination of his employment.

## Defendant's Violations of the FMLA

### A.   FMLA Coverage and Eligibility

16. Defendant was a covered employer of Plaintiff as defined by 29 U.S.C. § 2611(4)(A) (i) and (ii) and 29 CFR 825.104(a) and (d).

17. Pursuant to 29 U.S.C. § 2611(2), Plaintiff was an eligible employee under the FMLA.

18. Plaintiff's father had a serious medical condition as defined by 29 U.S.C. § 2611(11).

19. Pursuant to 29 U.S.C. § 2612(a)(1)(C), Plaintiff was entitled to

intermittent FMLA leave of up to a limit of 12 weeks a year for his father's serious medical condition.

## B.    Count 1—Interference with Plaintiff's Exercise of FMLA Rights

20.    Plaintiff was entitled to FMLA leave due to his father's serious medical condition.

21.    Defendant terminated Plaintiff's employment in order to prevent him from taking FMLA leave.

22.    By terminating Plaintiff's employment, Defendant unlawfully interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

23.    As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(1), Plaintiff has sustained and continues to sustain lost wages and lost benefits.

## C.    Count 2—Retaliation in Response to Plaintiff's Exercise of FMLA Rights

24.    By requesting and attempting to obtain FMLA leave for his father's serious medical condition, Plaintiff engaged in protected activity under the FMLA.

25.    Defendant terminated Plaintiff's employment in retaliation for his request for and attempt to obtain FMLA leave for his father's serious medical condition.

26.    By terminating Plaintiff's employment, Defendant unlawfully discharged Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

27.    As a result of Defendant's violation of 29 U.S.C. § 2615(a)(2), Plaintiff has sustained and continues to sustain lost wages and lost benefits.

**D.  <u>Plaintiff's Entitlement to Recover Damages Under the FMLA</u>**

28.    Pursuant to 29 U.S.C. § 2617(a)(1)(A)(i), Plaintiff is entitled to recover lost wages and lost employment benefits.

29.    Pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), Plaintiff is entitled to recover interest.

30.    Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages.

31.    Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover attorney's fees, expert fees, and costs.

<u>**Prayer for Relief**</u>

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a)  back pay;

(b)  front pay;

(c)  loss of benefits;

(d)  interest;

(e)  liquidated damages;

(f)  expert fees;

(g)  attorneys' fees and costs; and

(h)  all further legal and equitable relief to which he may be entitled.


Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (GA 387630)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown, GA Bar (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff